## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JODY MAURICE CRUM,

     Plaintiff,

v.                                Case No.  4:24-cv-210-AW/MJF

FLORIDA COMMISSION ON
OFFENDER REVIEW, *et al.*,

     Defendants.

_____/

## AMENDED REPORT AND RECOMMENDATION

The undersigned previously recommended that that District Court dismiss this action for failure to comply with court orders and failure to pay the filing fee. Doc. 15. After entry of that report and recommendation, however, Plaintiff complied with one of the undersigned's orders. Doc. 16. Therefore, the undersigned now recommends that the District Court dismiss this action solely because Plaintiff failed to pay the filing fee.

### I. BACKGROUND

On April 30, 2024, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Florida. Doc. 1. Plaintiff did not pay the filing fee. Instead, Plaintiff filed

a "declaration in support of motion to proceed *in forma pauperis*." Doc. 2. In his declaration, Plaintiff falsely stated under the penalty of perjury that he had "not received any money from any . . . sources." *Id.* at 2. He also stated that he had no income in any checking or savings accounts. *Id.* Plaintiff did not attach to his declaration a copy of his inmate trust account statement, likely because it would have shown that he had funds in his account that he could have used to pay the filing fee.

## A.   Deposits into Plaintiff's Inmate Trust Account Prior to Commencement of This Civil Action

Plaintiff later filed a certified copy of his inmate trust account statement. Doc. 9. This certified account statement contradicts Plaintiff's sworn statements that he had not received money from any sources. Prior to commencing this civil action, Plaintiff received $1,350. These deposits are reflected below.

| Date of Deposit | Amount of Deposit |
|-----------------|-------------------|
| 2/9/2024 | $300.00 |
| 2/29/2024 | $100.00 |
| 3/9/2024 | $100.00 |
| 3/16/24 | $150.00 |

| | |
|---|---|
| 3/23/24 | $100.00 |
| 4/2/24 | $300.00 |
| 4/21/24 | $300.00 |
| ■■■■■■■■■ | |
| **Total Deposits** | $1,350.00 |

Doc. 9 at 7–8.[1]

Additionally, although Plaintiff spent $1,140.94 at the prison canteen, on April 30, 2024, Plaintiff's inmate trust account balance was $235.87, not the $0 that Plaintiff had claimed. A history of his expenditures as well as the balance in his account is reflected in the chart below.

| Date | Expenditure | Balance |
|---|---|---|
| 2/9/24 | $25.69 at the prison canteen | $356.85 |
| 2/10/24 | $44.66 at the prison canteen | $312.19 |
| 2/11/24 | $26.98 at the prison canteen | $285.21 |
| 2/12/24 | $17.42 at the prison canteen | $267.79 |
| 2/13/24 | $35.42 at the prison canteen | $232.37 |

[1] This information is drawn from the copy of the inmate trust account, which Plaintiff submitted on August 20, 2024.

| | | |
|---|---|---|
| 2/14/24 | $20.16 at the prison canteen | $212.21 |
| 2/18/24 | $32.71 at the prison canteen | $179.50 |
| 2/19/24 | $21.35 at the prison canteen | $158.15 |
| 2/20/24 | $29.95 at the prison canteen | $128.20 |
| 2/21/24 | $15.35 at the prison canteen | $112.85 |
| 2/25/24 | $31.41 at the prison canteen | $81.42 |
| 2/26/24 | $32.83 at the prison canteen | $48.59 |
| 2/29/24 | $18.19 at the prison canteen | $30.40 |
| 3/4/24 | $21.74 at the prison canteen | $108.66 |
| 3/5/24 | $23.31 at the prison canteen | $85.35 |
| 3/6/24 | $18.19 at the prison canteen | $67.16 |
| 3/9/24 | $21.52 at the prison canteen | $145.64 |
| 3/10/24 | $26.64 at the prison canteen | $119.00 |
| 3/11/24 | $22.86 at the prison canteen | $96.14 |
| 3/12/24 | $21.52 at the prison canteen | $74.62 |
| 3/13/24 | $22.71 at the prison canteen | $51.91 |
| 3/14/24 | $3.38 at the prison canteen | $48.53 |
| 3/15/24 | $5.00 Phone Time Purchase | $43.53 |

| | | |
|---|---|---|
| 3/16/24 | $2.60 at the prison canteen | $40.93 |
| 3/17/24 | $57.33 at the prison canteen | $133.60 |
| 3/19/23 | $40.19 at the prison canteen | $93.41 |
| 3/20/24 | $2.29 at the prison canteen | $91.12 |
| 3/24/24 | $83.83 at the prison canteen | $107.29 |
| 3/25/24 | $15.35 at the prison canteen | $91.94 |
| 4/1/24 | $55.50 at the prison canteen | $36.44 |
| 4/2/24 | $31.47 at the prison canteen | $4.97 |
| 4/4/24 | $12.34 at the prison canteen | $292.63 |
| 4/8/24 | $99.02 at the prison canteen | $193.61 |
| 4/14/24 | $21.12 at the prison canteen | $174.49 |
| 4/15/24 | $18.30 at the prison canteen | $154.19 |
| 4/16/24 | $28.97 at the prison canteen | $125.22 |
| 4/17/24 | $7.71 at the prison canteen | $117.51 |
| 4/18/24 | $15.14 at the prison canteen | $102.37 |
| 4/21/24 | $23.18 at the prison canteen | $79.19 |
| 4/22/24 | $15.96 at the prison canteen | $363.23 |
| 4/23/24 | $21.91 at the prison canteen | $341.32 |

| 4/24/24 | $9.55 "property order" and $2.22 at the prison canteen | $329.55 |
|---|---|---|
| 4/25/24 | $20.62 at the prison canteen | $308.93 |
| 4/27/24 | $15.35 at the prison canteen | $293.58 |
| 4/29/24 | $57.41 at the prison canteen | $235.87 |
| **Total Spent:** | $1,130.94 | |

Doc. 9 at 6–8.

On May 14, 2024, United States District Judge Wendy W. Berger transferred the civil action to the United States District Court for the Northern District of Florida. Doc. 6.

## B. <u>The Undersigned's Order Regarding the Filing Fee</u>

The undersigned construed Plaintiff's declaration as a motion to proceed *in forma pauperis*. The undersigned denied the motion without prejudice because the motion was incomplete. Doc. 6. The undersigned instructed the clerk of the court to send to Plaintiff the Northern District form application for leave to proceed *in forma pauperis*. The undersigned ordered Plaintiff to pay the filing fee or submit a properly completed motion for leave to proceed *in forma pauperis*. *Id.* The undersigned imposed a compliance deadline of July 17, 2024. *Id.* The clerk of the court complied with the undersigned's order Doc. 6.

C.    **Plaintiff Continues to Receive and Spend Funds
       that He Could Have Used to Pay The Filing Fee**

From April 30, 2024, through July 18, 2024, Plaintiff received
approximately $100 each week. In total, he received an additional $1,100.
Those deposits are reflected in the chart below.

| Date of Deposit | Amount of Deposit |
|:---:|:---:|
| 5/14/24 | $100.00 |
| 5/17/24 | $100.00 |
| 5/28/24 | $100.00 |
| 6/4/24 | $100.00 |
| 6/11/24 | $100.00 |
| 6/18/24 | $100.00 |
| 6/24/24 | $100.00 |
| 6/30/24 | $100.00 |
| 7/3/24 | $100.00 |
| 7/9/24 | $100.00 |
| 7/13/24 | $100.00 |
|  |  |
| **Total Deposits** | $1,100.00 |

Doc. 9 at 8–11.

Furthermore, Plaintiff continued to spend funds during this interval despite knowing that he had initiated this civil action and that doing so required payment of the filing fee. In total, Plaintiff spent $1,325.22 on prison canteen items. Those transactions are represented in the chart below.

| Date | Expenditure |
|---|---|
| 5/1/24 | $30.61 at the prison canteen |
| 5/2/24 | $11.47 at the prison canteen |
| 5/5/24 | $29.64 at the prison canteen |
| 5/6/24 | $28.18 at the prison canteen |
| 5/9/24 | $27.13 at the prison canteen |
| 5/11/24 | $14.34 at the prison canteen |
| 5/12/24 | $26.41 at the prison canteen |
| 5/13/24 | $28.60 at the prison canteen |
| 5/14/24 | $26.05 at the prison canteen |
| 5/15/24 | $16.20 at the prison canteen |
| 5/16/24 | $2.12 at the prison canteen |
| 5/20/24 | $16.88 at the prison canteen |
| 5/21/24 | $11.04 at the prison canteen |

| | |
|---|---|
| 5/22/24 | $11.26 at the prison canteen |
| 5/23/24 | $18.15 at the prison canteen |
| 5/26/24 | $41.67 at the prison canteen |
| 5/27/25 | $17.77 at the prison canteen |
| 5/28/24 | $19.74 at the prison canteen |
| 5/29/24 | $31.58 at the prison canteen |
| 5/30/24 | $37.38 at the prison canteen |
| 6/3/24 | $30.78 at the prison canteen |
| 6/4/24 | $41.04 at the prison canteen |
| 6/6/24 | $29.08 at the prison canteen |
| 6/8/24 | $14.42 at the prison canteen |
| 6/10/24 | $21.55 at the prison canteen |
| 6/11/24 | $18.02 at the prison canteen |
| 6/12/24 | $24.08 at the prison canteen |
| 6/13/24 | $25.87 at the prison canteen |
| 6/15/24 | $21.50 at the prison canteen |
| 6/17/24 | $27.90 at the prison canteen |
| 6/18/24 | $33.03 at the prison canteen |

| 6/20/24 | $40.08 at the prison canteen |
| 6/22/24 | $27.90 at the prison canteen |
| 6/23/24 | $20.00 at the prison canteen |
| 6/24/24 | $3.80 at the prison canteen |
| 6/25/24 | $52.02 at the prison canteen and $0.64 for legal postage |
| 6/26/24 | $22.05 at the prison canteen |
| 6/27/224 | $15.70 at the prison canteen |
| 6/30/24 | $46.65 at the prison canteen |
| 7/1/24 | $37.60 at the prison canteen |
| 7/2/24 | $15.14 at the prison canteen |
| 7/3/24 | $29.74 at the prison canteen |
| 7/4/24 | $20.58 at the prison canteen |
| 7/7/24 | $58.71 at the prison canteen |
| 7/9/24 | $78.73 at the prison canteen |
| 7/11/24 | $11.58 at the prison canteen |
| 7/14/24 | $55.62 at the prison canteen |
| 7/15/24 | $14.24 at the prison canteen |
| 7/16/24 | $17.17 at the prison canteen |

| | |
|---|---|
| 7/18/24 | $23.78 at the prison canteen |
| **Total Spent:** | **$1,325.22** |

Doc. 9 at 8–11.

### D.    Plaintiff's First Motion for Additional Time

On July 16, 2024, Plaintiff filed a motion for an extension of time to comply with the undersigned's order to pay the filing fee or seek leave to proceed *in forma pauperis*. Doc. 7 at 1. On July 19, 2024, the undersigned extended Plaintiff's compliance deadline to August 20, 2024. Doc. 8.

### E.    Plaintiff Continues to Receive and Spend Funds that He Could Have Used to Pay The Filing Fee

From July 19, 2024, through August 16, 2024, Plaintiff continued to receive approximately $100 each week, for a total of $500.00. That income is represented in the chart below.

| Date of Deposit | Amount of Deposit |
|---|---|
| 7/20/24 | $100.00 |
| 7/28/24 | $100.00 |
| 8/2/24 | $100.00 |
| 8/6/24 | $200.00 |
| | |

| | |
|---|---|
| **Total Deposits** | $500.00 |

Doc. 9 at 11. Furthermore, Plaintiff continued to spend his funds on items at the canteen. The transactions are reflected below.

| Date | Expenditure |
|---|---|
| 7/20/24 | $20.87 at the prison canteen |
| 7/21/24 | $40.00 at the prison canteen |
| 7/22/24 | $14.34 at the prison canteen |
| 7/25/24 | $0.69 for legal postage |
| 7/27/24 | $19.64 at the prison canteen |
| 7/28/24 | $4.91 at the prison canteen |
| 7/29/24 | $58.60 at the prison canteen |
| 7/30/24 | $13.18 at the prison canteen |
| 8/1/24 | $18.67 at the prison canteen |
| 8/3/24 | $25.14 at the prison canteen |
| 8/4/24 | $20.87 at the prison canteen |
| 8/5/24 | $22.30 at the prison canteen |
| 8/6/24 | $17.89 at the prison canteen |
| 8/7/24 | $39.56 at the prison canteen |

| | |
|---|---|
| 8/8/24 | $1.94 for legal postage |
| **Total Spent:** | **$318.60** |

Doc. 9 at 11–12. On August 8, 2024, Plaintiff's balance was $167.31. *Id.* at 12.

## F.    <u>The Undersigned's Order to Pay The Partial Filing Fee</u>

On August 16, 2024, Plaintiff submitted a motion for leave to proceed *in forma pauperis*. Doc. 9. In his financial affidavit, Plaintiff again falsely represented that he received no funds in the twelve months prior to filing the financial affidavit. *Id.* at 2. Plaintiff also falsely represented that he had no money in a checking or savings account, including his prison account. *Id.*

Based on the information represented in Plaintiff's inmate trust account statement, the undersigned granted Plaintiff's motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $98.33. Doc. 11. The undersigned provided Plaintiff until September 20, 2024, to pay the initial partial filing fee. *Id.* at 2. The undersigned warned Plaintiff that the failure to pay the initial partial filing fee timely likely would result in dismissal of this civil action. Furthermore, the undersigned warned Plaintiff that "[i]f Plaintiff spends funds that should have been

forwarded to the court as per the payment formula above, this case may be dismissed for non-payment." *Id.* at 3.

## G.    <u>Plaintiff's Motion for Additional Time</u>

On September 18, 2024, Plaintiff filed a motion seeking a thirty-day extension to pay the initial partial filing fee. Doc. 13 at 3. Plaintiff explained that the weekly deposits into his account had ceased, and he has spent his funds such that he was unable to pay the initial partial filing fee *Id.* at 1–2. Plaintiff's motion, however, was not accompanied by an updated inmate trust account statement.

## H.    <u>The Undersigned's Order to Show Cause</u>

Because Plaintiff previously made false statements to the court, and because Plaintiff appeared to have divested himself of funds to avoid payment of the initial partial filing fee, the undersigned ordered Plaintiff to:

- show cause why this case should not be dismissed for failure to pay the filing fee and failure to comply with court orders;

- pay the initial partial filing fee; and

- submit a certified copy of his inmate trust account statement showing the transactions in his account for the period of August 8, 2024, through September 23, 2024.

Doc. 14. The undersigned imposed a compliance deadline of October 7, 2024 and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this civil action. *Id.*

## I.     The Undersigned's Initial Report and Recommendation

On October 21, 2024, the undersigned recommended that the District Court dismiss this civil action because (1) Plaintiff failed to pay the filing fee and (2) failed to comply with court orders. Doc. 15.

## J.     Plaintiff's Untimely Response to The Show-Cause Order

On October 22, 2024—weeks after the October 7 deadline— Plaintiff filed his response to the undersigned's show cause order. Doc. 16. In that response, Plaintiff asserted that between the time he commenced this civil action and the date he was granted leave to proceed *in forma pauperis*, he had depleted the funds in his inmate trust account. To support his assertion, Plaintiff attached a copy of his inmate trust account statement for the period of April 8, 2024, through October 8, 2024. Doc. 11.

On August 8, 2024, Plaintiff received a copy of his inmate trust account statement that showed he had a balance of $167.31. *See* Doc. 9 at 3 (the copy of Plaintiff's inmate trust account submitted with his motion to proceed *in forma pauperis*). On August 16, 2024, Plaintiff submitted his motion to proceed *in forma pauperis*. *Id.* at 13. Between August 8, 2024, and August 16, 2024, Plaintiff spent $121.67 of his discretionary funds at the prison canteen. Doc. 16 at 11. On August 18, 2024, only two days after he submitted his motion, Plaintiff spent his remaining discretionary income—$42.15—on items at the canteen so that his balance became $0.00. In total, Plaintiff spent $163.82 on items at the prison canteen so that the balance became $0.00. *Id.* at 11.

## II. DISCUSSION

"A party who files a civil case must *simultaneously* either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3 (emphasis added). The IFP statute—28 U.S.C. § 1915—allows federal courts to authorize the commencement of a civil action by a prisoner who submits an affidavit that they are unable to pay. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). The ability to proceed IFP is not an absolute

right, however. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Rather, it is a privilege that is afforded to those litigants unable to pay costs without undue hardship. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Camp*, 798 F.2d at 437.

Before dismissing a civil action for failure to pay the filing fee, however, the district court must make an "inquiry into why the fee had not been paid as ordered." *Wilson*, 313 F.3d at 1320. When a plaintiff's "own statements prove that he did not comply with a court order and that compliance was within his control, no further investigation is needed." *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009).

According to Plaintiff, his claim accrued on October 30, 2023, the date Plaintiff alleges he was arrested based on a defective warrant. Doc. 1. Six months later, on April 30, 2024, Plaintiff initiated this civil action. *Id.* Plaintiff also moved for leave to proceed in forma pauperis on April 30, 2024. Despite being an experienced federal litigator, Plaintiff did not attach the statutorily-required inmate trust account statement to his motion for leave to proceed *in forma pauperis*. Plaintiff also did not disclose that from February 9, 2024, through April 21, 2024, someone

deposited $100 per week into Plaintiff's inmate trust account. From February 9, 2024, through the date he commenced this civil action, Plaintiff received $1,350.00. Thus, Plaintiff had sufficient funds to pay the filing fee at the time he commenced this suit and filed his motion for leave to proceed *in forma pauperis*.

Plaintiff also had sufficient funds to pay the filing fee when he submitted his amended motion for leave to proceed *in forma pauperis* on August 16, 2024. Doc. 9 at 7. From the date Plaintiff commenced this suit to the date he filed his amended motion for leave to proceed *in forma pauperis*, someone deposited into Plaintiff's inmate trust account $1,600—more than enough money to pay the filing fee.

Yet immediately upon Plaintiff filing his amended motion for leave to proceed *in forma pauperis*, the person who previously made weekly deposits into Plaintiff's inmate trust account stopped these payments. The timing is suspicious.

Regardless, Plaintiff is an experienced litigator who has filed eight cases in federal court. Thus, at the time he commenced this civil action, Plaintiff knew he was obliged to pay the filing fee. Plaintiff made a conscious decision not to pay the filing fee when he commenced this case

on April 30, 2024, and instead spent \$2,965,58 on items from the prison commissary.[2]

The timing, nature, frequency and extent of Plaintiff's financial transactions indicate that Plaintiff manipulated his financial resources and deliberately delayed submitting his inmate trust account statement and his amended motion for leave to proceed *in forma pauperis* to avoid payment of the filing fee. That is precisely the type of manipulative behavior that the *in forma pauperis* statue was designed to thwart. *See Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ("the purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain *in forma pauperis* status when they are not entitled to that status based on their true net worth") (internal quotation marks and citation omitted); *see also Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984) ("The pauper's affidavit should not be a broad highway into the federal courts.").

_____

[2] As Judge Posner observed, when a plaintiff "thinks a more worthwhile use of his funds would be to buy peanuts and candy . . . than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor." *Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987).

Because Plaintiff's non-payment of the initial partial filing fee was caused by Plaintiff's decision to spend his funds on canteen items, the District Court should dismiss this action. Dismissal is consistent with the penalty imposed by other courts for similar conduct. *See Wilson*, 313 F.3d at 1321 n.7 (noting that if the plaintiff is unable to pay the initial partial filing fee "because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss this action"); *Martin v. United States*, 317 F. App'x 869, 870–71 (11th Cir. 2008) (affirming the denial of an IFP application when the district court found that plaintiff had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Evans v. Croom*, 650 F.2d 521, 525–26 (4th Cir. 1981) (noting that a court may dismiss a case if it appears that withdrawals were designed to avoid paying the filing fee).

## III. CONCLUSION

Because Plaintiff failed to pay the initial partial filing fee, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** without prejudice this case; and

2. **DIRECT** the clerk of court to close this case file.

At Pensacola, Florida this <u>28th</u> day of October, 2024.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

<u>**NOTICE TO THE PARTIES**</u>

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**